ISAAC R. ALTER ET AL. V. BANK OF STOCKHAM ET AL.

FILED JUNE 3, 1897.   No. 7189.

1. **Action for Conversion.** An action for the conversion of personal property is an action at law and should be so tried when by either party there is presented no equitable ground for relief or of defense.

2. **Review: CONFLICTING EVIDENCE.** A verdict reached upon consideration of conflicting evidence will not be disturbed even though the proofs made by the prevailing party are not entirely satisfactory in character or preponderance.

ERROR from the district court of Hamilton county. Tried below before BATES, J.    *Affirmed.*

*Hainer & Smith,* for plaintiffs in error.

*A. W. Agee* and *H. M. Kellogg, contra.*

RYAN, C.

This action was begun in the district court of Hamilton county by Isaac R. Alter and Herbert H. Glover as plaintiffs, doing business under the firm name and style of Alter & Glover. The Bank of Stockham was the sole defendant. It was alleged in the petition that plaintiffs, on September 26, 1889, had sold to Bernhard and Herman Wiens 309 steers at the agreed price of $8,500; that a note had accordingly been given on that day, by its terms due six months thereafter; that to secure the payment of said note the makers thereof had executed to plaintiffs a chattel mortgage; that said mortgage had been duly filed for record; that when said note fell due it had not been paid, and that at the time this suit was brought

there was still unpaid on said note the sum of $1,606.05, with ten per cent per annum interest thereon from May 21, 1890. It was further alleged in the petition that on October 28, 1889, Bernhard and Herman Wiens had mortgaged said cattle to the defendant, the Bank of Stockham; that in the mortgage last named the priority of plaintiffs' mortgage was recognized by the recitation in said mortgage to the bank that "all of the above steers have a previous mortgage on them;" that on March 10, 1890, Bernhard Wiens had executed another mortgage to the bank upon 140 of said cattle, wherein plaintiffs' mortgage was referred to in this language: "Second mortgage on 140 head of steers now fattening in my yards." It was alleged that the mortgages to the bank were given and taken without the consent of the plaintiffs, and with full knowledge of the rights of the plaintiffs. There was alleged in the petition three several sales of the cattle covered by plaintiffs' mortgage, one of which was of 41 head of steers on January 8, 1890, another of 127 head on March 8, 1890, and the third of 141 head on May 21, 1890. This action was to recover from the bank the amount above alleged to be due from Bernhard and Herman Wiens to plaintiffs. It is necessary to consider only one of the sales, for the allegations as to all the sales were, as to our purpose, practically in the same language. The averments as to the first sale were in this language: "On or about January 8, 1890, the said defendant bank, although having full knowledge of plaintiffs' right in and to said steers, and that no part of the sum secured by plaintiffs' mortgage had been paid, took possession of 41 head of said steers so mortgaged and belonging to said plaintiffs, and shipped the same to Martin Bros., commission merchants at Omaha, Nebraska, and caused to be sold the entire interest in said steers without regard to plaintiffs' mortgage thereon, on account of said Bernhard Wiens in the name of B. Wiens, for the net sum of $1,330, after deducting all charges for commission, freight, and other charges,

which net proceeds, to-wit, $1,330, were by said Martin Bros., under the direction of the defendant bank, deposited to its credit in the Union Stock Yards Bank of South Omaha." As we understand these averments in connection with antecedent allegations of the petition that the cattle, before shipment, were in Hamilton county, the defendant was sought to be held liable for converting to its own use the cattle shipped by the bank, and afterward having sold the same and kept the proceeds of the sale. As was held in *State v. Hill*, 38 Neb., 698, the cause of action arose upon the conversion. This action therefore was correctly held to be one at law, and accordingly was properly so tried. As there was no evidence to establish the conversion charged, there was no prejudicial error in directing the jury to find for the bank, as it did.

Bernhard Wiens and Herman Wiens, by their petition as intervenors, were permitted to allege that they purchased the cattle from Alter & Glover; that Isaac R. Alter, a member of said firm, managed the weighing of said cattle; that the said Bernhard and Herman Wiens relied upon the weights announced by said Alter; that according to said announcements the said 309 steers weighed 364,330 pounds, and in payment for these cattle, in accordance with these figures, the said Bernhard and Herman Wiens were required to, and accordingly did, execute their note to plaintiffs for the sum of $8,500; that in truth the actual weight was but 287,080 pounds, or an average of 909 pounds on each animal less than that fraudulently announced as aforesaid, and that, by reason of said fraud practiced by Isaac R. Alter, the said Bernhard and Herman Wiens were induced to give their note for the sum of $1,811.62 in excess of what it should have been executed for. The intervenors therefore prayed that they might have judgment against the plaintiffs for the sum of $454.85—being the amount which they had previously paid in excess of what the note should actually have been given for. By an answer to the petition of the intervenors issues were duly joined and there was a

prayer for judgment against said intervenors for the balance of their note. Instead of finding any sum due to the intervenors, the jury found that they were owing plaintiffs the sum of $828.91. Judgment was duly rendered on this verdict, which plaintiffs seek to have reversed by these proceedings in error. It is unnecessary to detail the evidence adduced by the intervenors to sustain their contention. In general terms it may be said that it proceeded on the theory that fraud was practiced as above pleaded and that this was not discovered till the cattle were shipped. The overweights were arrived at by showing what the cattle actually weighed in South Omaha when shipped; how they had been fed and had thrived, and what increase of weight of each animal would be probable under the circumstances. By this method there would have been justified a greater rebate than the intervenors obtained, provided the jury accepted their proofs as satisfactory. It must be confessed that this method of establishing the averments of the intervenors was not as direct and satisfactory as could have been wished, and yet it formed a sufficient basis for the verdict returned. On this branch the judgment of the district court is likewise

AFFIRMED.

HARRISON, J., dissenting.

I do not think that the evidence introduced in this case to show that there had been fraud practiced or a mistake made in weighing the cattle at the time they were purchased by the intervenors was competent for that purpose; hence must dissent from the conclusion expressed in the opinion that it formed a sufficient basis for the verdict returned.