THE PEOPLE'S NATIONAL BANK OF ROCK ISLAND, ILLINOIS v. JOHN Q. MYERS AND THE STATE BANK OF HOLTON, KANSAS.

No. 12,081.   ( 69 Pac. 164.)

SYLLABUS BY THE COURT.

1. OWNERSHIP OF MONEY—*Knowledge of Recipient—Retention and Application on Debt.* One who through the design or misdirection of another receives money, which he knows belongs to a third person, cannot retain it for application on his own debt, due from the one who gave it to him.

2. PLEADING AND PROOF—*Immaterial Variance.* A departure from the pleadings in those mere incidents of evidence which are not inherent in the substantive issues of the case, and which has not actually misled the adverse party to his prejudice, does not constitute a variance between the allegations and the proof.

Error from Jackson district court; MARSHALL GEPHART, judge. Opinion filed June 7, 1902. Reversed.

*Wollman, Solomon & Cooper*, and *John D. Myers*, for plaintiff in error.

*Hayden & Hayden*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This is a proceeding in error from a judgment of the district court sustaining a demurrer to the plaintiff's evidence in an action for the wrongful

conversion of plaintiff's money by defendants. One Morris was indebted to the plaintiff, the People's National Bank of Rock Island, Illinois. The indebtedness was secured by mortgage on cattle. Morris was also indebted to the defendants, the State Bank of Holton, Kan., and to John Q. Myers, the president of said bank, residing at Holton. One John D. Myers was the agent of the People's National Bank, and also resided at Holton. Morris put one Ogee in charge of the cattle for shipment and sale, and sent them to Davis, McDonald & Davis, a commission firm at St. Joseph, Mo., with direction to instruct them to remit the proceeds of sale to John Q. Myers. This was done. On receipt of the money John Q. Myers credited it on the indebtedness due to himself and to his bank. Neither he nor his bank had liens on the cattle, but they had actual knowledge of the existence of plaintiff's mortgage on them. The plaintiff's agent, John D. Myers, demanded the money, the proceeds of the cattle sale, but was refused, whereupon action was instituted. It is clear to us that the action is maintainable. One who through the design or misdirection of another receives money, which he knows belongs to a third person, cannot retain it for application on his own debt, due from the one who designedly or mistakenly gave it to him. This proposition seems so evidently equitable as not to require argumentation. Cases quite like this one in which the principle as stated has been applied are : *Union Stock Yards Bank v. Gillespie*, 137 U. S. 411, 11 Sup. Ct. 118, 34 L. Ed. 724; *Farmers' and Mechanics' National Bank v. King*, 57 Pa. St. 202, 98 Am. Dec. 215; *Burtnett v. F. N. Bank of Corunna*, 38 Mich. 630; *National Bank v. Insurance Co.*, 104 U. S. 54, 26 L. Ed. 693; *Farmers' and Merchants' Bank v. Farwell*, 7 C. C. A. 391, 58 Fed. 633; *Cady v. South Omaha*

*National Bank*, 46 Neb. 756, 65 N. W. 906; *Alter v. Bank of Stockham*, 51 Neb. 797, 73 N. W. 667; *Rock Spring National Bank v. Luman*, 6 Wyo. 123, 42 Pac. 874.

The principal contention of the defendant is that there was a variance between the plaintiff's petition and proof, and therefore that the demurrer to the evidence was rightly sustained. The petition alleged that Morris, the mortgagor, instructed Ogee, his agent, to direct Davis, McDonald & Davis, the commission firm, to send the proceeds of the cattle sale to John D. Myers, the plaintiff's agent, but that by mistake the remittance was made to John Q. Myers. The proof was that Morris had not given such instructions to Ogee, but on the contrary had instructed him to cause the remittance to be made to John Q. Myers. That did not constitute a variance justifying the court in sustaining the demurrer to the evidence. The substantive litigated fact in the case was the ownership of the money derived from the sale of the cattle, not the mistake or design of any of the parties in putting it in the hands of John Q. Myers. The question as to how the latter got the money, whether by direction of Morris or the mistake of Davis, McDonald & Davis, was immaterial, except as explanatory of the fact of his getting it. The money not being his, the inquiry as to how he got it was immaterial to the question of his right to keep it. "No variance between the allegations in the pleading, and the proof, is to be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." (Civil Code, § 133; Gen. Stat. 1901, § 4567.) A departure from the pleadings in those mere incidents of evidence which are not inherent in the substantive issues of the case, and

which has not misled the adverse party to his prejudice, does not constitute a variance between the allegations and the proof.

The judgment of the court below is reversed, with directions to overrule the demurrer to the evidence, and for a new trial.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.