## ARNOLD v. IDIKER.

No. 1047. Opinion Filed November 14, 1911.

(119 Pac. 125.)

**APPEAL AND ERROR**—Affirmance—Failure of Plaintiff in Error to File Abstract. The plaintiff in error having failed to comply with rule 25 (20 Okla. xii, 95 Pac. viii), which provides that "the brief of the plaintiff in error in all cases except felonies shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no

examination of the record itself need be made in this court," but the defendant in error in his brief having made a counter abstract, no reply being made thereto by the plaintiff in error, under the abstract as made by the defendant in error no error being shown, the judgment of the lower court will be affirmed.

(Syllabus by the Court.)

*Error from Tulsa County Court; N. J. Gubser, Judge.*

Action by E. M. Arnold against Henry Idiker. From the judgment, Arnold brings error. Affirmed.

*Warren D. Abbott* and *George T. Brown,* for plaintiff in error.

*Charles J. Wrightsman, Charles E. Bush, Victor O. Johnson,* and *L. W. Lee,* for defendant in error.

WILLIAMS, J.    Rule 25 (20 Okla. xii, 95 Pac. viii) of this court is in part as follows:

"The brief of the plaintiff in error in all cases except felonies shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."

The brief of the plaintiff in error wholly fails to comply with this rule. Counsel for defendant in error do not make any objection to such deficiency or incompleteness, but set out a counter abstract. Under the facts as stated in the counter abstract, the instruction requested by the plaintiff in error, presenting his theory of the case, was properly refused on the ground that there was no evidence upon which to predicate it.

Wherever the plaintiff in error fails to comply with the foregoing rule, and the defendant in error makes a counter abstract, which is not replied to by the plaintiff in error, and under such abstract as made by the defendant in error no prejudicial error is shown, the presumption being in favor of the trial court, the same will be affirmed.

The judgment of the lower court is accordingly affirmed.
All the Justices concur.