## RED BALL TRANSFER & STORAGE CO. v. DELOE.

### No. 1359. Opinion Filed December 12, 1911.

#### (120 Pac. 575.)

1.  **TRIAL—Direction of Verdict—Grounds—Variance.** Plaintiff, in his petition, designated certain property as "merchandise." In his opening statement to the jury, he referred to it as "household goods," whereupon defendant moved for a directed verdict on the grounds of variance, which was refused by the court. Held not error.

2.  **PLEADING—Demurrer to Evidence—Grounds—Variance.** The petition alleged that defendant was negligent in permitting the roof of his warehouse to become leaky, and that water came in and fell upon plaintiff's goods stored therein, and that defendant negligently permitted them to remain wet, and they thus became damaged. The proof seemed to show that the water came into the room from the street, and not through the roof. The defendant demurred to the evidence, on the grounds that there was a variance between the allegations of the petition and the proof. Held not such a variance as would warrant the court in sustaining the demurrer.

3.  **APPEAL AND ERROR—Briefs—Supreme Court Rules.** Rule 25 (20 Okla. xii, 95 Pac. viii) of the Supreme Court requires a party complaining of the giving or refusal of an instruction to set out in his brief, *totidem verbis,* separately those parts complained of. And

a general exception, without complying with this rule, will not be sufficient, and the alleged error will not be considered by this court.

4. **WAREHOUSEMEN** — Injuries to Goods Stored — Sufficiency of Evidence. Evidence examined, and held to reasonably sustain the verdict, and held, also, that the verdict is not contrary to law.

5. **PLEADING**—"Variance." "Variance" means "difference," and it is no variance that the proof does not establish all the allegations of the petition.

(Syllabus by Robertson, C.)

*Error from Tulsa County Court; N. J. Gubser, Judge.*

Action by C. E. Deloe against the Red Ball Transfer & Storage Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Schaffer & Kerrigan* and *W. O. McCluskey,* for plaintiff in error.

*Robinson & Gore,* for defendant in error.

Opinion by ROBERTSON, C. This action was begun in the county court of Tulsa county, on the 7th day of July, 1909, by C. E. Deloe, defendant in error, who was plaintiff below, against the Red Ball Transfer & Storage Company, a corporation, plaintiff in error, who was defendant below, to recover the sum of $262.25 for damages alleged to have occurred to certain household goods, by reason of the negligence of the defendant as a warehouseman, on account of the flooding by water of the room in which they were stored. The storage company answered by general denial. The case was tried to a jury, and a verdict was returned in favor of plaintiff for $150. Motion for new trial was filed, considered, overruled, and exceptions taken, and defendant prosecutes this appeal to reverse said judgment.

The first error complained of is that the court erred in refusing to direct the jury to return a verdict for defendant on the opening statement of attorney for plaintiff. There is no merit in the contention of counsel in this matter. The only reason why he asked the court to render judgment on the statement was that in the petition plaintiff alleged that the goods damaged were *mer-*

*chandise,* while in his statement he alleged that they were household goods. It does not appear that the variance actually misled the storage company in making its defense to plaintiff's action. Nor does plaintiff in error allege in its motion for new trial, or in its petition in error, that it was surprised or misled, and the trial court, in overruling the motion, in effect held that the variance, if any, was so immaterial as not to require an amendment of the pleading. Comp. Laws 1909, sec. 5673; *M., K. & T. R. R. Co. v. Green,* 75 Kan. 504, 89 Pac. 1042; *People's Nat. Bank v. Myers et al.,* 65 Kan. 122, 69 Pac. 164.

The second assignment of error, as raised in the petition in error by counsel for the storage company, is that there was a variance between the allegations in the petition of plaintiff and the proof adduced at trial. The petition alleged that the defendant was negligent in permitting the roof of its warehouse to become leaky, and that the water came through it upon plaintiff's goods, and they were damaged in such manner, and that the defendant negligently permitted them to remain so. The proof seemed to show that the water came into the basement where the goods were stored, from the street, and not through the roof; and defendant in error contends that this was simply a failure of proof, so far as the negligence on the part of defendant, relative to the leaky roof, is concerned, but that there was sufficient proof in support of the other allegations to support the verdict of the jury. The plaintiff below introduced proof to show that the goods were in good condition when placed in the warehouse, and that when they were taken therefrom they were badly damaged, by reason of the room in which they were stored having been flooded with water; and the testimony tending to show how the water came into the rooms was elicited from the witnesses by counsel for plaintiff in error. There is no merit in the claim of plaintiff in error that there was a variance between the allegations and the proof. Variance means "difference." It is no variance that the proof does not establish all the allegations of the petition.

In 31 Cyc. p. 701, occurs this statement:

"A variance results from a discrepancy between the allegations and proof of the same party, not between the allegations of one party and the evidence of the opposite party."

And the condition of the record is such that we could safely say that the proof in this case as to how the water came into the room came entirely from the plaintiff in error, and not from the defendant in error. The verdict of the jury in this case was based solely upon the evidence of the defendant below, in negligently permitting and allowing the plaintiff's goods to remain wet after the water came into the warehouse. The same reasoning, as well as the same authorities, as applied in the consideration of the first assignment of error, controls in this matter, and the court below was satisfied that no injury was done plaintiff in error, and with the ruling of the court on the subject we are not disposed to interfere.

The third assignment of error is that the trial court erred in not giving the jury an instruction requested by defendant, and giving an instruction over the objection of the defendant. At no place in the motion for a new trial, petition in error, or brief of plaintiff in error does there appear a compliance with rule 25 of the Supreme Court (20 Okla. xii, 95 Pac. viii), which provides that, where a party complains of the giving or refusal of instructions, he should set out in his brief, *totidem verbis,* separately, the portions to which he objects, or may save exceptions; and a general complaint that the court erred in giving or refusing instructions, without complying with this rule, will not receive consideration at the hands of this court. This rule has been cited with approval in many cases in this court, and, inasmuch as there was no effort on the part of counsel for plaintiff in error to comply with it, the error complained of will not be considered by this court.

See, also, *Reynolds v. Hill,* 28 Okla. 533, 114 Pac. 1108; *Seaver v. Rulison,* 29 Okla. 128, 116 Pac. 802; *City of Shawnee v. Slankard,* 29 Okla. 133, 116 Pac. 803; *Lynn v. Jackson,* 26 Okla. 852, 110 Pac. 727.

The fourth assignment of error is that the verdict of the jury was contrary to the law, as given by the court, regarding the

rule as to the measure of damages. The court instructed the jury, at the request of the plaintiff in error, as to the measure of damages in this case as follows, to wit:

"Should you find that plaintiff is entitled to recover, then you must measure his damages, from the evidence in this case, by determining the difference between the market price of the goods at the time they were delivered to defendant and their value at the time they were delivered back by defendant to plaintiff."

Of course, plaintiff in error, having requested this instruction, it cannot be heard to say that it does not correctly state the law applicable to the case under consideration. There was considerable testimony offered by the plaintiff below as to the value of the goods before they were damaged, as well as to the value after they were damaged, while there was no testimony offered to dispute this by the defendant below. Counsel for the storage company, by cross-examination of plaintiff, which examination covers several pages of the record, establishes beyond any question the value of the various items; also the damage they received. This testimony is not contradicted at any place, and it was a proper subject for the consideration of the jury; and they, from these facts, under the law as given by the court, and as requested by plaintiff in error, returned a verdict for $150, and we are not disposed to interfere with this finding, believing that the evidence in the case would have sustained a larger verdict. We conclude, therefore, that there is no merit in this contention, and that the court did not err in overruling the motion for a new trial on this account.

The fifth assignment of error is that the court erred in overruling defendant's motion for a new trial, and the argument of the counsel relates entirely to specifications hereinbefore considered, nothing new being offered; and, from a consideration of the entire record, we are led to the conclusion that there is no error in the record that would warrant a reversal, and that the judgment of the county court of Tulsa county should be affirmed.

By the Court: It is so ordered.

All the Justices concur.