## HOUGHTON v. GRIER.

No. 1555.  Opinion Filed February 6, 1912.

Rehearing Denied April 9, 1912.

(122 Pac. 545.)

1. **APPEAL AND ERROR**—Abstracts—Counter Abstracts—Affirmance. Rule 25 (20 Okla. xii, 95 Pac. viii) of this court provides that: "Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objections thereto. * * * Abstracts shall be indexed and shall refer to the pages of the record," etc.  And where said rule is not complied with by plaintiff in error, but the defendant in error makes a counter abstract which is not replied to by plaintiff in error, and under such abstract as made by defendant in error, no error is shown, the presumption being in favor of the trial court, the judgment will be affirmed.

2. **SAME**—Objections to Instructions—Sufficiency. Rule 25 (20 Okla. xii, 95 Pac. viii) of this court requires a party complaining of the giving or refusal of an instruction to set out in his brief, in totidem verbis, separately, those parts complained of, and a general exception, without complying with this rule, will not be sufficient, and the alleged error will not be considered by this court.

(Syllabus by Robertson, C.)

*Error from Oklahoma County Court;*
*Sam Hooker, Judge.*

Action by D. W. Grier against H. B. Houghton.  Judgment for plaintiff; and defendant brings error.  Affirmed on condition.

*John H. Wright,* for plaintiff in error.

*Bennett, Pope & Pope,* for defendant in error.

Opinion by ROBERTSON, C.  Specifications of error 1, 2, 3, and 4, as urged by plaintiff in error, require an examination and consideration of the testimony of the various witnesses. Counsel has failed to comply with Rule 25 (20 Okla. xii, 95 Pac. viii) of this court, which provides that:

"Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full sub-

stance of the testimony to the admission or rejection of which he objects, stating specifically his objections thereto.  *  *  * Abstracts shall be indexed and shall refer to the pages of the record."

Counsel for defendant in error complains of this defect in the brief of plaintiff in error, and by virtue of said rule 25, *supra,* have filed a counter abstract presenting their theory of the evidence complained of, and this counter abstract has not been replied to by plaintiff in error.

In *Arnold v. Idiker,* 29 Okla. 687, 119 Pac. 125, Mr. Justice Williams, in discussing this proposition, says:

"Wherever the plaintiff in error fails to comply with the foregoing rule, and the defendant in error makes a counter abstract which is not replied to by plaintiff in error, and under such abstract as made by the defendant in error no prejudicial error is shown, the presumption being in favor of the trial court, the same will be affirmed."

Therefore, by authority of said rule, and this holding by the court thereunder, said assignments of error will not be further considered.

Specifications 5 and 6 raise the question of the correctness of the instructions given to the jury by the court.   Rule 25 of this court, *supra,* requires a party complaining of the giving or refusal of instructions to set out in his brief, *in totidem verbis,* separately, those parts complained of, and a general exception, without complying with this rule, will not be sufficient, and the alleged error .will not be inquired into or considered by this court.   *Reynolds v. Hill,* 28 Okla. 533, 114 Pac. 1108; *Seaver v. Rullison,* 29 Okla. 128, 116 Pac. 802; *City of Shawnee v. Slankard,* 29 Okla. 133, 116 Pac. 803; *Red Ball Transf. & S. Co. v. Deloe,* 30 Okla. 522, 120 Pac. 575.   No effort having been made to comply with this rule, we are not at liberty, nor do we feel disposed, to search the instructions given in order to discover some theory upon which the assignments of error can be sustained.

The next assignment of error urged is that the verdict of the jury is excessive.   The evidence shows that the transaction provided for a commission of 5 per cent. on $5,000, and 2½

per cent. on all in excess of that sum. The verdict was for $265. The defendant (page 42, Record) testified that he wrote a check for $265 and gave it to the other agent who claimed to have made the sale, while, on page 38 of the record, Mr. Sawyer, the agent who claims to have made the sale, testified that he received $265 for making the sale. This evidence is valuable only as showing the understanding of these witnesses of this particular phase of the controversy, and as tending to corroborate plaintiff's claim in so far as the amount of commission earned in the making of the sale of the property is concerned. Plaintiff testified that he had a contract with defendant to sell the property for $5,600; that he furnished a buyer, who actually purchased the property, and, in the language of counsel for defendant in error:

"Assuming everything in favor of plaintiff in error's contentions, it would seem that the old rule of *de minimis non curat lex* applies, but this defendant in error contends that if he submitted a proposition for the purchase of this property at the sum of $5,600, $2,000 cash, the balance on terms, which was turned down by the plaintiff in error, and the property thereafter sold without notice to this defendant in error, and without withdrawing his authority, and after the final sale thereof was effected by reason of his efforts, and after he (Grier) was the efficient cause, then it does not lie in the mouth of plaintiff in error to complain of the amount of his commissions if they are based on the $5,600 proposition."

However, in order to remove all doubt on this phase of the case, the defendant in error has offered, and he is hereby required, to file, in this court, within fifteen days from this date a *remittitur* in the sum of $2.50, that being the excess commission complained of by plaintiff in error, in which case the judgment of the county court of Oklahoma county should be affirmed; on failure to file such *remittitur*, the judgment should be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.