[No. 16621.  Department Two.  December 22, 1921.]

FARMERS MARKET, *Respondent*, v. IDA AUSTIN *et al.*, *Appellants.*[1]

CORPORATIONS (178)—CONTRACTS—NOTICE OF AUTHORITY OF OFFICER TO PERSON DEALING WITH CORPORATION.  Where a debtor gives a check executed in the name of a corporation, by himself as manager, to his individual creditor in payment of a debt, such creditor, having parted with nothing of value in reliance upon any act of the corporation, is chargeable with notice that the manager had no authority to pay his private debt, and cannot defeat action for recovery of the amount on the theory of being an innocent third party.

ASSIGNMENTS (15)—EQUITABLE ASSIGNMENTS—LOSS OR INJURY TO DEBTOR.  Although a corporation is indebted to its general manager, the execution of a check of the corporation by himself as manager in payment of his private debt does not constitute an equitable assignment, where such check is only part of an entire transaction whereby the corporation is deprived of an amount in excess of its indebtedness to him.

CORPORATIONS (165)—REPRESENTATION—RATIFICATION.  Where a corporation repudiates the act of its general manager in executing a corporate note in payment of a private debt as soon as it has knowledge of the act, it cannot be said to have ratified the act.

SAME (165).  The right of action of a corporation against a person to whom its agent had wrongfully paid corporate money is not waived by any election of remedies against such agent in an effort to recover the money.

HUSBAND AND WIFE (84)—COMMUNITY PROPERTY—LIABILITY OF WIFE—IMPLIED CONTRACT.  Where money of a corporation is applied by an agent to the wrongful payment of his private debt to a married woman, her liability for the repayment of the money to the corporation arises on an implied contract for money had and received, and not for a tort, and the community of husband and wife is liable therefor.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered March 15, 1921, upon findings in favor of the plaintiff, in an action for money received, tried to the court.  Affirmed.

[1]Reported in 203 Pac. 42.

*Louis A. Dyar,* for appellants.

*King & Kerr,* for respondent.

MACKINTOSH, J.—One Wallace was the general manager of the respondent, and on April 1, 1920, he loaned to his employer the sum of $1,000, which was placed to its account and for which he took a promissory note, payable on June 1, 1920. The note was not paid, and on June 23 he gave to the appellant a check on the respondent's account in the sum of $500, to pay a private debt owing by him. The check was signed in respondent's name by Wallace, as manager, and on the same day Wallace wrongfully took $845 from the respondent's place of business and quit his employment, leaving also an unpaid balance on open account due respondent of $216. The respondent made demand upon the appellants for the return of the money received by them, but they refused it, and this suit was instituted for the purpose of recovering it. The respondent thereafter assigned its claim against Wallace for collection, and suit was brought against him for a sum which included the amount paid to Mrs. Austin. The lower court found that Mrs. Austin received from Wallace, as agent of the respondent, and appropriated, the sum of $500 of the respondent's money in payment of a private debt of Wallace, with notice that the money was the money of the respondent. The evidence amply sustains these findings.

The appellants in opening their argument state:

"The general rule permitting a principal to follow trust funds in the hands of a holder with notice, where such funds have been used by the agent to pay a private debt, is not disputed. It is also admitted that the check received by Ida Austin, signed Farmers Market by W. C. Wallace would be sufficient to put her on inquiry."

But they then contend that the appellants should succeed in this action upon equitable principles, for the reason that Mrs. Austin was an innocent third party, and that it was the duty of the respondent to apply the $1,000 indebtedness to Wallace in satisfaction of the check received by her. As we view the case, it does not call for the application of any such equitable rule as contended for. At the time Mrs. Austin received the money, she was charged with notice of the fact that Wallace had no authority to pay his private debt with money belonging to his employer. This notice was especially called to her attention by the fact that the check upon which she received the money was drawn in the respondent's name. As a matter of fact, she made no inquiry to ascertain whether Wallace had any authority to issue such a check. She parted with nothing in reliance upon any act of the respondent, and if there are any equities in the case they would seem to be in favor of the respondent. As was said in the case of *People's National Bank v. Myers,* 65 Kan. 122, 69 Pac. 164:

"One who, through the design or misdirection of another, receives money which he knows belongs to a third person, cannot retain it for application on his own debt, due from the one who designedly or mistakenly gave it to him. This proposition seems so evidently equitable as not to require argumentation."

Nor is there any merit in the contention that the giving of this $500 check to Mrs. Austin was an equitable assignment of the indebtedness of the respondent to Wallace, for the reason that the giving of the check was only one part of an entire transaction which resulted in depriving the respondent of an amount clearly in excess of the indebtedness of the respondent to Wallace.

Nor was the act of Wallace ratified by the respondent, as there was no act on the part of the respondent to show an intention, either express or implied, to ratify such act; on the contrary, as soon as it had knowledge of the act of Wallace, the respondent sought to repudiate it. *Merchants' Bank v. Superior Candy etc. Co.*, 41 Wash. 653, 84 Pac. 604.

Nor can the appellants succeed upon the theory that the respondent has waived the tort of the agent. The liability of one who has received a principal's money wrongfully is not to be measured by what the principal may do in the election of remedies against the agent seeking to recover the money.

It is finally urged that the judgment is erroneous in that it is against the community consisting of Mrs. Austin and her husband. It is urged that Mrs. Austin was guilty of a tort, and the community is not bound by the wife's tortious act. The liability of Mrs. Austin is not based upon a tort, for as was said in her own brief, she is a person "not charged with fraud or bad faith," but her liability which the law imposes upon her to repay the money arises on an implied contract for money had and received. It having been found by the trial court that the money was received for the benefit of the community, judgment against the community was correct.

Judgment affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.