[No. 23013. Department Two. November 9, 1931.]

E. T. MORISSE, *Respondent*, v. ANNA SALVESEN, *Appellant.*[1]

*Carl J. Smith,* for appellant.

*H. E. Foster,* for respondent.

BEALS, J.—Plaintiff, as assignee of Vladimir V. Alexandrof, instituted this action upon a promissory note whereby defendant promised to pay, three years after date, to the order of Mr. Alexandrof the sum of $1,825, with interest at six per cent per annum. Plaintiff also prayed for the foreclosure of a mortgage on real estate given to secure payment of the note. It was admitted that the note was assigned to plaintiff after maturity, and that defendant could, therefore, avail herself of defenses which would have been good

[1] Reported in 4 P. (2d) 852.

against the original payee, although not against a holder in due course.

The mortgage covered an undivided one-half interest in a twenty-acre tract of land in King county, and defendant's contention, as presented to the trial court, was that the transaction between her and Mr. Alexandrof amounted in fact to no more than a loan from her to him, secured by a deed to an undivided one-half interest in the land, which he had executed in her favor. It seems that, at the time of the transaction between the parties, it was believed that the land was of the value of approximately twenty thousand dollars, it being then subject to a seventy-five hundred dollar mortgage.

It is admitted that defendant delivered to Mr. Alexandrof sixteen hundred dollars, and defendant admitted the simultaneous execution of the note and mortgage sued upon. The testimony was in direct conflict, that introduced on behalf of plaintiff tending to prove that the note and mortgage were exactly what they appeared to be, while the evidence introduced on behalf of defendant was to the effect that the transaction between the original parties was a loan merely, and included no element upon which could be based a claim of indebtedness from defendant to Mr. Alexandrof, or plaintiff as his assignee.

The action, being of equitable cognizance, was tried to the court, and resulted in findings of fact and conclusions of law in plaintiff's favor, pursuant to which a decree of foreclosure was entered, from which defendant appeals.

As appellant admitted the execution of the note and mortgage, the burden rested upon her to prove that these instruments were, in fact, other than what they appear to be according to their tenor, or that the

same were void for want of consideration, her contention being that the note and mortgage were, in fact, of no force or effect whatsoever, and that the same should be canceled by judicial decree.

In her answer to respondent's complaint, appellant pleaded by way of an affirmative defense that she had loaned Mr. Alexandrof sixteen hundred dollars, taking as security therefor the deed to an undivided one-half interest in the twenty-acre tract, subject to the existing mortgage, and that appellant had then executed the note and mortgage here in suit upon the representation by Mr. Alexandrof that this was the best method to establish appellant's real interest in the property, and that she would not be charged interest on the note, which would be canceled when the land should be sold, and that the mortgage would never be foreclosed. Appellant also alleged that she received no consideration for the note and mortgage, and that the same were obtained from her by fraud and deceit.

Appellant, called as a witness on her own behalf, testified at length concerning her dealings with Mr. Alexandrof, and the trial court, being of the opinion that her testimony failed to disclose any defense to the action, granted a motion interposed by respondent's counsel to strike all or most of appellant's testimony, of which ruling appellant complains. Appellant's testimony is, of course, in the record, and, for the purposes of this appeal, we consider the same as though no motion to strike had been granted.

Appellant admitted that, before she signed the document here sued upon, Mr. Alexandrof, in discussing the deal with her, stated that he would have $1,825 coming, and that appellant should pay six per cent interest on this amount for three years. She testified that she then stated that this was incorrect, continuing, "If that is the way you want it, I can't help you

at all." Notwithstanding this, she testified that, later, she signed the note and mortgage, relying upon Mr. Alexandrof's representations that he would never take any advantage of her.

The attorney who represented both parties was called as a witness on behalf of respondent, and testified that, as he understood the matter, the note and mortgage executed by appellant meant exactly what they purported to represent, his testimony affording no basis for appellant's contention that these instruments were executed without consideration. Appellant testified that the attorney at her request read the note and mortgage to her, she having forgotten her glasses and without them being unable to read the documents. In response to a question by the court as to whether or not there was anything about the papers she could not understand, appellant replied in the negative.

A witness called by appellant testified that Mr. Alexandrof had told him that appellant's interest in the property was merely that of a mortgagee. Mr. Alexandrof denied that he had ever made any such statements. On the other hand, documents are in evidence, signed by appellant, bearing date subsequent to that of the note and mortgage, in one of which—an agreement between appellant and Mr. Alexandrof—it is stated that the parties were the joint owners of the land here in question, the instrument containing matter utterly inconsistent with appellant's contention that she was merely a mortgagee of the premises, while in the other Mr. Alexandrof and appellant granted what was in effect an option to purchase the property.

While the testimony is not in all respects satisfactory, we conclude, as did the trial court, that appellant has failed to meet the burden resting upon her to prove

that she should be relieved from all obligation under the note and mortgage sued upon in this action. The trial court determined the disputed questions of fact in respondent's favor, and we find in the record no ground for disturbing the judgment and decree appealed from.

Affirmed.

TOLMAN, C. J., HOLCOMB, MILLARD, and MAIN, JJ., concur.