## INDIAN LAND & TRUST CO. v. TAYLOR.

No. 254.    Opinion Filed January 11 1910.

(106 Pac. 863.)

1.   APPEAL AND ERROR—Verdict on Conflicting Evidence—Conclusiveness. A verdict upon conflicting evidence approved by the trial court will not be disturbed on appeal.

2.   APPEAL AND ERROR—Briefs — Substance of Testimony Rejected. Under rule 25 of this court (20 Okla. xii, 95 Pac. viii), where a party complains of the rejection of testimony, he should set out in his brief the full substance of the testimony rejected, and a general complaint that the court erred in rejecting testimony without specifying the testimony to which the complaint is directed will not be considered.

(Syllabus by the Court.)

*Error from District Court, Hughes County; John Caruthers, Judge.*

Action by the Indian Land & Trust Company against Silas P. Taylor. Judgment for defendant, and plaintiff brings error. Affirmed.

*Frank L. Warren* and *West, Mellette & Jones,* for plaintiff in error.

*Duke Stone* and *Crump & Rogers,* for defendant in error.

HAYES, J.   This is an action of forcible entry and detainer originally brought in the United States Court for the Western District of the Indian Territory, at Wewoka, by plaintiff in error against defendant in error.   After the admission of the state, the same was transferred to the district court of Hughes county, where a trial was had to a jury and a verdict was returned and judgment in favor of defendant rendered.   No objection has been made and no exceptions taken, either in the trial court or in this proceeding, to the instructions given by the trial court to the jury.

The first of the two assignments of error urged for a reversal of the judgment is that the verdict of the jury is not sustained by sufficient evidence and the court should have granted a new trial.   In order for plaintiff to recover in this action it was necessary for him to establish by a preponderance of the evidence that he was in actual possession of the premises in controversy and that defendant, with force and violence, entered upon the premises and ousted him of possession, or that, after entry thereon, he retained possession thereafter by force.   *Hunt v. Hicks,* 3 Ind. T. 275, 54 S. W. 818.   We have carefully read all the evidence in the record, and find that upon all the issues necessary to be established by plaintiff there is conflict in the evidence.   The rule that this court will not disturb the verdict of a jury where there is evidence reasonably tending to support the same is so well established in this jurisdiction that the citation of authorities would be a work of supererogation.   There is evidence supporting the contentions of plaintiff, but this evidence is controverted by witnesses for defendant.   The weight of the evidence and the credibility of the witnesses were questions for the jury.

Under the second assignment urged, it is contended that the court erred in the rejection of testimony.   Under rule 25 of this

court (20 Okla. xii, 95 Pac. viii), where a party complains on account of the admission or rejection of testimony, he is required to set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objections thereto. This plaintiff in error has failed to do. In a general way he has complained in his brief that the court erred in refusing to admit testimony but the substance of the testimony that the court excluded and of which he complains is not set out in the brief so as to enable the court to determine intelligently the matters of which he complains. For this failure to comply with the rules of the court, his second assignment cannot be considered.

Finding no error in the record requiring a reversal of the judgment of the trial court, the same is affirmed.

All the Justices concur.