## TERRAPIN V. BARKER.

No. 238.   Opinion Filed April 12, 1910.

(109 Pac. 931.)

1.   CONTINUANCE—Absent Evidence—Showing of Diligence. There is no abuse of discretion in overruling an application for continuance on the account of absent evidence, where no diligence is shown to have been used by the applicant to procure the attendance of the absent witnesses.

2.   CONTINUANCE—Absent Witness — Essentials of Application. An application for continuance must clearly state the facts which applicant expects to prove by the absent witness, and the materiality of such facts must be made to appear from the application.

3.   SAME. The application must state that the applicant believes the facts to which the absent witness will testify are true.

4.   APPEAL AND ERROR—Harmless Error—Refusal to Strike Surplusage from Pleading. A refusal of the trial court to sustain a motion to strike out parts of a pleading which are surplusage, or which consist of immaterial averments or of evidential

facts. is harmless error, unless it appears that the matters which the court refused to strike out materially and prejudicially affected the interest of him who complains of the action of the court. .

5.      **APPEAL AND ERROR—Briefs—Specification of Error.** Under rule 25 of this court (20 Okla. xii, 95 Pac. viii), where a party complains of the admission or rejection of testimony, he should set out in his brief the full substance of the testimony admitted or rejected. A general complaint that the court erred in admitting or rejecting testimony, without specifying the testimony to which the complaint is directed, and his objection thereto, will not be considered.

6.   .  **PRINCIPAL AND AGENT—Evidence—Hearsay—Interpreter for Parties to Transaction.** When two persons, speaking a different language, neither of whom is able to understand the language of the other, voluntarily use a third person, who uses the language of both to interpret between them their conversations relative to a business transaction, the interpreter is to be regarded as the agent of each to translate and communicate what he says to the other, and admissions or statements made by one to the other through the interpreter are not hearsay, and the party to whom they are made may testify to them.

(Syllabus by the Court.)

*Error From District Court, Washington County; T. L. Brown, Judge.*

Action by Norman Barker against James Terrapin. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was brought in the district court of Washington county by defendant in error to recover for services rendered by him to plaintiff in error as· an attorney, of an alleged reasonable value of $1,000, and for expenses incurred and paid out by him for plaintiff in error in rendering said services. From a verdict and judgment in favor of defendant in error, hereafter called "plaintiff," plaintiff in error, hereafter called "defendant," brings this proceeding in error. The facts alleged in the pleadings and established by the evidence, in so far as.they are necessary in the consideration of the questions presented by this proceeding, will be stated in the opinion.

*H. H. Montgomery* and *J. P. O'Meara,* for plaintiff in error.

*W. H. Kornegay,* for defendant in error.—On admissibility of party's statements to witness through an interpreter: Wigmore, Ev. sec. 668; *Miller v. Lathrop* (Minn.) 52 N. W. 274; *Blazenski v. Perkins* (Wis.) 45 N. W. 947.

HAYES, J. (after stating the facts as above). After announcement of both parties in the trial court that they were ready for trial, a motion by defendant to strike out certain portions of plaintiff's reply to his answer was overruled, and he thereupon filed a motion for continuance, which was also overruled. His motion for continuance stated that he was informed that two certain persons who were absent had information material to his case; that he had a right to expect that they would be in attendance at the trial of his cause. Section 5836 of the Compiled Laws of Oklahoma of 1909 prescribes what an application for continuance on account of the absence of evidence shall contain. It must show the materiality of the evidence expected to be obtained; that due diligence has been used to obtain it; where the witnesses reside, if their residence is known to the party; the probability of procuring their testimony within a reasonable time; and what facts mover believes that the witness will prove; and that he believes them to be true.

The motion in this case fails to contain several of these essential elements. No showing whatever is made in the application of any diligence used by plaintiff in error to obtain the attendance of the absent witnesses; nor does the affidavit state the residence of but one of said witnesses. No showing is made that their testimony can be procured within a reasonable time; nor is any statement made as to any facts that can be established by them that would be material to the case. It is stated that if one of the witnesses was present he would testify that, "so far as he is informed, defendant in error was not plaintiff in error's attorney in the matter in which he alleges he rendered the services for plaintiff in error." But such evidence would be incompetent. The witness could not be permitted to testify as to his information. The application also fails to state that applicant believes that the alleged

facts which the absent witness will testify to are true. An application for continuance could hardly be more defective than the one here relied upon. It is not an abuse of discretion to overrule an application for continuance, where no diligence is shown to procure the attendance of the witnesses (*Swope & Son v. Burnham, Hanna, Munger & Co.*, 6 Okla. 736, 52 Pac. 924; *Kirk v. Territory,* 10 Okla., 46, 60 Pac. 797), and the party applying must clearly state the facts he expects to prove, and their materiality must be made to appear from the application (*Murphy v. Hood et al.,* 12 Okla., 593). And even when all the matters prescribed by the statute are set forth in an affidavit for continuance, a continuance will not be granted, if the adverse party consents that on a trial the facts alleged in the affidavit shall be read and treated as a deposition of the absent witness. Section 5836, *supra; Chandler v. Colcord,* 1 Okla., 260, 32 Pac. 330. Defendant is in no position to complain that his motion was overruled, for plaintiff would, in all events have been entitled to know what facts he intended to establish by the absent witnesses, in order that he might determine whether he would admit that the witness would so testify; and that such facts might be read to the jury as a deposition of the absent witnesses, rather than to suffer the inconvenience of a continuance.

Plaintiff's petition alleges, in substance, that he was employed by defendant to perform certain legal services as an attorney for him in a proceeding to remove his restrictions as a member of the Cherokee Tribe of Indians on his right to alienate a portion of his allotment; that plaintiff rendered such services; that the same were of the reasonable value of $1,000; and that in rendering said services he expended, in furtherance of defendant's interest, and at his request, the sum of $241.10, and prayed for recovery of the value of his services and expenses incurred by him.

Defendant answered in three paragraphs, by the first two of which he made general and specific denial of the matters set forth in the petition. The third paragraph of the answer reads as follows:

"For further answer to plaintiff's petition the defendant,

James Terrapin, says that he is a full-blood Cherokee Indian and unable to speak the English language, and that the plaintiff, Norman Barker, proposed to him that he, said Barker, would attend to having the restrictions against alienation on defendant's land removed for town-site purposes, without any expense to the defendant, and under this proposal, and with this understanding, plaintiff did all that was done by him in reference thereto, not as defendant's attorney, but in the capacity of a prospective purchaser of defendant's land, when the same should be sold, and that he acted for himself and for another purchaser who intended to purchase said land at said sale, and who did in fact purchase same, and that plaintiff and his associates acted, not in the interest of this defendant, but in their own interest, which interests were those of prospective purchasers, and which interests were inconsistent with and in conflict with the interest of this defendant."

To the answer plaintiff filed his reply, by the first and second paragraphs of which he generally and specifically denies the averments of defendant's answer. By the third paragraph he alleges at length and in detail all the acts and incidents that occurred in connection with the transaction between himself and defendant upon which he relies as constituting an implied contract to pay for his services and under which he rendered the services for which recovery is sought. Among other things, he pleads a written agreement executed between himself and defendant, by which he contracted to obtain a removal of the restrictions on defendant's right to sell 40 acres of his land, and in which he agrees he will buy the same from defendant for the sum of $11,000, and that his services will be without cost to plaintiff in error. He alleges various matters tending to show an abandonment of this contract by both parties, and that he proceeded to render the services under the consent of defendant and with the understanding that he should be paid a reasonable compensation therefor. A motion by defendant to strike out the third paragraph of the reply was overruled. A careful analysis of defendant's answer discloses that no reply thereto was necessary. When the answer contains new matter, the plaintiff may reply to such new matter. Section 5642, Comp. Laws Okla., 1909. But when the answer amounts to nothing more than

a denial, a reply is not necessary. *City of Burrton v. Harvey Co.
Sav. Bank,* 28 Kan. 390. The matters alleged in the third para-
graph of defendant's answer constitute no new matter, nor an af-
firmative defense. It is composed of evidential facts tending to
establish the general denial of the answer set forth in the two pre-
ceding paragraphs thereof. There is no admission in this para-
graph that plaintiff acted as counsel for defendant in the matters
alleged in the petition; but a careful reading and analysis of the
paragraph shows there was an effort to plead the evidential facts
tending to show there was no such contract or agreement; and it
is well to notice at this time that this paragraph of the answer
makes no charge that defendant in error violated his contract of
employment by acting in his own interest to the extent of becom-
ing a purchaser of the land at the sale without the knowledge of
defendant. There being no affirmative or new matter set up in the
answer, we think the court erred in overruling the motion to strike
out the third paragraph of the reply; but nothing was pleaded in
this paragraph, except evidential facts which were properly ad-
missible on the trial as tending to establish the truth of the ma-
terial averments of the petition, and, although the motion to strike
was technically good, failure to sustain same was harmless error.
The refusal of the trial court to strike out part of the pleadings
which is surplusage or consists of immaterial averments or of evi-
dential facts is harmless error, unless it appears that the matters
which the court refused to strike out materially affected the inter-
est of him who complains of the action of the court. *Atchison,
Topeka & Santa Fe Ry. Co. v. Marks,* 11 Okla., 82, 65 Pac. 996;
*Hudelson v. Tobias First National Bank,* 56 Neb. 247, 76 N. W.
570; *Runkle v. Hartford Insurance Co.,* 99 Iowa, 414. 68 N. W.
712.

Defendant complains that the trial court erred in admitting
incompetent evidence offered by plaintiff, and in the rejection of
testimony offered by him; but he fails in his specifications of error
to set out in substance the testimony, the admission or rejection of
which he complains. He cannot therefore have these objections re-

viewed, for, where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the true substance of the testimony, the admission or rejection of which he urges, and state specifically his objection thereto. Rule of Court 25 (20 Okla. xii, 95 Pac. viii); *Indian Land & Trust Co. v. Silas P. Taylor* 25 Okla. 542, 106 Pac. 863.

Defendant is a full-blood Cherokee Indian, who speaks some English language; but he has not a sufficient command of the English language to transact business in that language, and the transaction between him and plaintiff was conducted by means of an interpreter. Plaintiff was permitted, over objections of defendant, to testify as to the conversation had between them by means of the interpreter. In this the court committed no error. The agreement between them was in parol. Defendant spoke in the language of his tribe, and plaintiff spoke in English. The interpreter spoke both languages. Both plaintiff and defendant used the interpretor as their agent to translate and communicate to him that which the other said, and, when they did so, each gave to the other the right to rely upon the communication made to him by the interpreter. *Miller v. Lathrop,* 50 Minn., 91, 52 N. W. 274; *Commonwealth v. Vose,* 157 Mass. 393, 32 N. E. 355, 17 L. R. A. 813.

The court gave to the jury the following instruction:

"The court further instructs the jury that if you believe by a preponderance of the evidence in this case that defendant employed plaintiff as his attorney, and that at the time of the employment or thereafter during his services as attorney, in the case of the removal of restrictions upon defendant's land, plaintiff was in any manner interested in the purchase of the lands by a secret agreement with any person, and the same was unknown to the defendant, which understanding or agreement was adverse to the best interest of the defendant, it would be your duty to find for the defendant; but, before so doing, you should be satisfied by a fair preponderance of the testimony that plaintiff has such secret understanding with some other person than the defendant, and that such interests of the plaintiff were adverse to the interests of the defendant."

Defendant objects to this instruction and complains of the refusal of the court to give an instruction requested by him, sub-

stantially the same as the foregoing instruction, except that by the requested instruction the jury is charged that, if they find that plaintiff was interested as a prospective purchaser, the verdict should be for the defendant, unless they further find that plaintiff communicated such facts to the defendant, and defendant consented thereto.

It is unnecessary to determine which of these instructions would be proper, if misconduct of plaintiff as attorney had been charged as a defense. The instructions given under the issues formed by the pleading were more favorable to defendant than he was entitled to. An instruction outside of the issues, although it incorrectly states the law, if it is favorable to the complaining party and places a greater burden upon his opponent than the issues presented by the pleadings require, the one in whose favor it is given cannot complain. The first application of defendant for removal of his restrictions which was made by plaintiff as his attorney was refused by the Secretary of Interior. Up to this time, plaintiff represented defendant under a written contract whereby his services were to be free of charge and with the agreement on the part of defendant that, if his restrictions were removed, he was to sell the land to plaintiff for a stipulated amount. After the refusal of the Secretary of Interior to remove his restrictions upon this application, plaintiff, under agreement with defendant, again took the matter up with the department, and an order was obtained whereby defendant was permitted to sell his land at public sale to the highest bidder, subject to the approval of the Secretary of Interior, for not less than a specified amount. Evidence was introduced showing that plaintiff had an agreement with one of the bidders at the public sale who became the purchaser that plaintiff, if said bidder should be successful, should have the option to purchase from him an interest in the land and to pay him therefor a stipulated amount. This evidence was permissible under the issues formed by the pleadings as tending to support defendant's defense that there was no implied contract with plaintiff, whereby he was to represent de-

fendant as his attorney, for compensation, but rendered the services on his own account with a view of purchasing the land.

The evidence fails to show whether defendant had knowledge of the agreement of plaintiff with the successful bidder. No affirmative defense was set up by defendant's answer. There is no charge therein that plaintiff, as attorney for defendant, violated his contract, or that he was guilty of fraud and misconduct in that, while under a contract with defendant to represent him as attorney or agent, he had acted adversely to defendant's interest, or had placed himself in a position which would require or tempt him to act adversely thereto.

Finding no error in the record requiring a reversal, the judgment of the trial court is affirmed.

All the Justices concur.