# GREAT WESTERN MFG. CO. v. DAVIDSON MILL & ELEVATOR CO. .

No. 612.  Opinion Filed July 12, 1910.

(110 Pac. 1096.)

1.  APPEAL AND ERROR—Review—Evidence—Failure to Set Out in Brief. Where a party alleges error on account of the admission or rejection of evidence, but fails to set out in his brief the full substance of such evidence to the admission or rejection of which he objects, stating specifically his objections thereto, the same will not be reviewed on appeal.

2.  TRIAL—Instructions—Construction as a Whole. Where an instruction as an entirety fairly submits the law relative to the issue joined, the same will be approved on appeal.

3.  APPEAL AND ERROR—Review — Verdict — Conclusiveness. Where there is any substantial evidence reasonably tending to support the verdict of the jury, the same will be permitted to stand here on review.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; Malcolm E. Rosser, Judge.*

Action between the Great Western Manufacturing Company and the Davidson Mill & Elevator Company. From the judgment, the Great Western Manufacturing Company brings error. Affirmed.

*Masterson Peyton* and *Matthew G. Mason,* for plaintiff in error.

WILLIAMS, J.   The first 21 assignments of error relate to the admission or exclusion of evidence. Rule 25 of the rules of this court, as revised on March 12, 1908, and December 7, 1909 (20 Okla. xii, 95 Pac. viii), provides:

"Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto."

The plaintiff in error has failed to set out in his brief the full substance of the evidence to the admission or rejection of which he objects, stating specifically his objection thereto, and for that reason said assignments will not be reviewed in this court. *Terrapin v. Barker, infra;* 109 Pac. 931; *Lynn et al. v. Jackson, infra,* 110 Pac. 727.

2.   It is urged that the court misquoted the representation of warranty as to the mill in controversy in his instructions to the jury.   If the statement complained of was a misstatement, no exception was reserved on that ground, nor any other ground, and for that reason the action of the court will not be reviewed on this record.

3.   As to the instruction complained of, when you consider it in its entirety, it seems to correctly state the law.   The contention on the part of the defendant was that the vendor had fraudulently misrepresented the character of the mill and its capacity, and that the mill was worth less than that contracted for.   That issue was properly submitted to the jury, and they are told that if they find that the misrepresentations were made, that then they will find the value of the mill as it stands, and take that value from the contract price, and that would be the measure of the recovery by the defendant over against the plaintiff, which seems to be a correct instruction.

4.   There is some substantial evidence in the record reasonably tending to support the verdict of the jury, and it has been held time and again by this court that, under such circumstances, such verdict will not be disturbed on review here.   The defendant in error has neither made any appearance by counsel in this court nor filed a brief.   That should have been done.   Litigants, through their counsel, especially when there is as much involved as in this case, should make it a point to brief the case in order to expedite the business of this court.

The judgment of the lower court is affirmed.

All the Justices concur.