## CITY OF SHAWNEE *et al.* v. SLANKARD.

No. 909.    Opinion Filed June 27, 1911.

(116 Pac. 803.)

1.    **DAMAGES—Evidence—Expectation of Life—Mortality Tables.** The expectation of life of one injured by another's negligence may be shown as a basis for the estimation of damages in a case where the evidence tends to show the injury is permanent, and standard tables of mortality are admissible in evidence upon this question.

2.    **APPEAL AND ERROR—Review—Instructions—Briefs.** Rule 25 of this court (20 Okla. xii, 95 Pac. viii) requires that where a party complains of instructions given or refused he shall set out in totidem verbis the portions to which he objects or may save exceptions, and where this is not observed alleged errors in instructions will not be reviewed.

3.    **DAMAGES—Amount—Personal Injuries.** Where the evidence discloses that defendant, in the construction of a sewer ditch, left the same unguarded and without a light or other danger signal to warn travelers thereof, and a party acting with due care falls into the same and receives injuries which the evidence tends to show are permanent by having his shoulder thrown out of place, his ankle badly injured, and his knee sprained, suffering great pain and agony, and where the evidence further shows that the injured party had no other means of support than his manual labor, a verdict in the sum of $2,000, returned by a jury on a trial which appears to have been free from prejudice, will not be set aside in this court on the ground that it is not supported by sufficient evidence, and is excessive.

4.    **PLEADING—Appeal and Error—Review—Discretion of Court—Allowance of Amendments.** The allowance of amendments to

pleadings, either before or after judgment, in the furtherance of justice, when the same do not change substantially the claim or defense, rests in the sound discretion of the trial court, and the allowance of the same will not be disturbed on appeal, unless it is made to affirmatively appear that its exercise by the court has operated to the prejudice of the rights of the complaining party.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; W. N. Maben, Judge.*

Action of J. O. Slankard against the City of Shawnee and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. H. Maxey* and *C. J. Benson,* for Chas. T. Derr Const. Co.

*F. H. Reily,* for defendant in error.

DUNN, J. This case presents error from the district court of Pottawatomie county, and is an action wherein defendant in error, as plaintiff, sued the city of Shawnee and the Chas. T. Derr Construction Company for damages growing out of certain personal injuries which he avers arose by and through their negligence.

In the petition filed, plaintiff averred that the Chas. T Derr Construction Company was, on the 5th day of March, 1908, building a sewer through, across, and over certain streets and alleys of the defendant, the city of Shawnee, on a contract; that on the night of the said date the plaintiff, while carefully riding along the street on horseback, and without any knowledge of the ditch being open, and without any negligence on his part, rode into the same and was thrown from his horse, which fell upon him, so that his shoulder was thrown out of place, his right leg bruised and broken, and that he was otherwise bruised and injured. The negligence alleged was in the construction of the ditch, and in having left the same without signal or lights to warn the public of the location thereof. Plaintiff alleged that he suffered great pain and anguish and was permanently injured in his shoulder and leg; that he had made certain expenditures for medi-

cine and doctor bills, and that he was rendered incapable of performing manual labor, and lost much time. The defendant answered, denying generally the averments of the petition, and set up the defense of contributory negligence. After the issues were made up, a trial was had to a jury, which returned a verdict in favor of plaintiff in the sum of $2,000. After a motion for new trial was filed and denied, the case was brought to this court for review.

Counsel for plaintiff in error allege and argue four assignments of error: First, the court erred in permitting plaintiff to introduce in evidence certain mortality tables; second, in giving instruction No. 5; third, that the verdict was not supported by sufficient evidence, and was excessive; and, fourth, in permitting defendant in error to file an amendment to his petition after the verdict had been returned.

Discussing these in order, it may be stated that evidence was offered and admitted, showing the serious character of the injuries suffered by plaintiff, and the testimony of a physician that they were such as would indicate a permanent weakness, and that the injured shoulder, particularly, would not be likely to ever recover the strength that it had prior to the injury. Under these circumstances, there was no error in the admission of the tables. Where an action is brought to recover for the death of a person injured, the measure of recovery is the value of his capacity to earn money, and standard tables showing the ordinary expectancy of life are held to be competent evidence of the time involved. Hence, where, as in this case, the injured party shows that he earns a livelihood through manual labor, and his proof tends to show that his capacity to earn money is impaired or partially destroyed, and that such injury will probably be permanent, evidence of his life expectancy is then equally competent as where recovery is sought for damages in cases of death. In such a case it is said by the Kentucky Court of Appeals, in the case of *Illinois Cent. R. Co. v. Hochins*, 121 Ky. 526, 89 S. W. 530, 1 L. R. A. (N. S.) 375, 123 Am. St. Rep. 205, that:

"If, as is conceded, evidence of the ordinary expectation

of life may be received where the capacity to earn money is destroyed by death, it is hard to see why such evidence cannot be equally received where the capacity to earn money is partially destroyed; for in either case the jury are, in making up their verdict, to be governed by the capacity to earn money, which has been destroyed, and whether this is a partial or total destruction is not material." ·

See, also, *Stephens v. Elliott*, 36 Mont. 92, 92 Pac. 45.

Instruction No. 5 has not been rendered available for review by reason of the fact that counsel have not complied with rule 25 of this court (20 Okla. xii, 95 Pac. viii) and set the same out *in totidem verbis* in the brief. The requirements of this rule have been uniformly enforced. *Terrapin v. Barker*, 26 Okla. 93, 109 Pac. 931; *Roof et al. v. Franks*, 26 Okla. 392, 110 Pac. 1098; *Lynn et al. v. Jackson*, 26 Okla. 852, 110 Pac. 727; *Indian Land & Trust Co. v. Taylor*, 25 Okla. 542, 106 Pac. 863; *Seaver v. Rullison*, (*ante*) 116 Pac. 802, an opinon handed down at this term of court.

On the third proposition, that the verdict was not supported by sufficient evidence and was excessive, it may be said that there is not shown any prejudicial fact occurring on the trial which would incline us to the belief that the rights of the defendants had been prejudiced in the eyes of the jury by reason thereof. The evidence offered tended to show that the plaintiff's shoulder was thrown out of place, his ankle injured, and his knee sprained; that he was taken from the ditch by witnesses, driven to his home, his leg and shoulder reset and bandaged, and, further, that it was altogether probable that he was permanently injured by his shoulder dislocation; that he was a laboring man, engaged in plowing gardens, chopping wood, cutting trees, and, prior to the accident, capable of doing manual labor of any kind, which was his sole support; also that he suffered great pain and agony from his injuries and was confined at his home for a considerable time. The question is one for the jury, and after being passed on by it was presented to the trial court on the motion for new trial, and denied. We are not able to see that error was committed therein.

On the alleged error of permitting plaintiff to file an amend-

. ment to his petition after the verdict had been returned, section 5679, Comp. Laws of Oklahoma, 1909, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

The question as to whether the defendant was prejudicially affected by permitting the amendment in this case depends upon the question of whether it in fact changed plaintiff's cause of action or materially affected the defense to the same. Volume 1, Ency. P. & P. p. 564, speaking of amendments to pleadings, says:

"As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony."

The allegations of injury caused by the negligence set forth in the original petition have been recited above, and defendants do not show that the amendment tendered and received after the verdict in any wise introduced another subject of controversy, or was an introduction of a new cause of action, or changed substantially the claim or defense presented by the original pleadings. Under these circumstances, amendments allowed to pleadings resting within the sound discretion of the trial court will not be disturbed on appeal, where it is not affirmatively made to appear that the exercise of this discretion has been abused to the prejudice of the complaining party. *Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651; *Kuchler et al. v. Weaver,* 23 Okla. 420, 100 Pac. 915; *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012, and cases cited therein.

It may be, as counsel for defendants assert, that the entire

fault and error was in submitting to the jury the part of instruction No. 5 relating to the right to recover for loss of time, but, as it is not before us, we cannot reverse the case upon any alleged error contained therein, the presumptions being that the judgment of the trial court is correct; and no error having been shown to have been committed on the trial of this action, the judgment rendered on the verdict is accordingly affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., absent and not participating.