## MEADOWS v. McGUIRE *et al.*

No. 2001. Opinion Filed June 25, 1912.

Rehearing Denied October 8, 1912.

(126 Pac. 1023.)

1. **APPEAL AND ERROR**—Briefs—Objections to Evidence. Under rule 25 of this court (20 Okla xii, 95 Pac. viii), where a party complains of the admission or rejection of testimony, he should set out in his brief the full substance of the testimony admitted or rejected. A general complaint that the court erred in admitting or rejecting testimony, without specifying the testimony to which the complaint is directed and his objections thereto, will not be considered.

2. **SAME**—Objections to Instructions. Where a party complains of instructions given or refused, and fails to set out in his brief such as he excepts to, as required by rule 25 of this court, the same may not be considered.

(Syllabus by Robertson, C.)

*Error from Tillman County Court;*
*T. E. Campbell, Judge.*

Action by H. P. McGuire and Lewis P. Mosier against H. O. Meadows. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Mounts & Davis,* for plaintiff in error.

*McGuire & Mosier, pro se.*

Opinion by ROBERTSON, C. Defendants in error, by motion, object to the consideration by this court of the alleged errors

presented in this appeal on the ground that the same have not been submitted in the manner required by the rules of the court.

The first error complained of was the giving of instruction No. 4; the second error was the refusal to give instructions 1 and 2, requested by the defendant below; while the third and last was on the rejection of evidence at the trial.

Rule 25 of this court (20 Okla. xii, 95 Pac. viii) provides:

"Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto. Also where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portions to which he objects, or may save exceptions."

Defendants in error invoke the foregoing rule, and, without doubt, their objection to the consideration of the questions involved in this appeal, by reason of the failure of plaintiff in error to observe said rule, is well taken. In the case of *Terrapin v. Barker,* 26 Okla. 93, 109 Pac. 931, this court, speaking through Mr. Justice Hayes, said:

"Under rule 25 of this court, where a party complains of the admission or rejection of testimony, he should set out in his brief the full substance of the testimony admitted or rejected. A general complaint that the court erred in admitting or rejecting testimony, without specifying the testimony to which the complaint is directed and his objections thereto, will not be considered."

See, also, *Great Western Mfg. Co. v. Davidson Mill. & Elevator Co.,* 26 Okla. 626, 110 Pac. 1096; *Lynn et al. v. Jackson,* 26 Okla. 852, 110 Pac. 727.

In *Reynolds v. Hill,* 28 Okla. 533, 114 Pac. 1108, it is said:

"Where a party complains of instructions given or refused and fails to set out in his brief such as he excepts to, as required by rule 25 of this court, the same may not be considered."

See, also, *Holmes v. Evans,* 29 Okla. 373, 118 Pac. 144.

The failure of plaintiff in error to comply with the reasonable requirements of the rules of this court in the above particular warrants an affirmance of the judgment of the trial court; yet, notwithstanding the foregoing, we have carefully considered the

issues involved, the evidence received, as well as the evidence rejected, the instructions given and the instructions refused, as they are disclosed by the record, and we are unable to discover any error of sufficient importance to warrant any interference with the judgment as entered.

For the foregoing reasons, the judgment of the county court of Tillman county should be affirmed.

By the Court: It is so ordered.