## ELLIOTT v. COGGSWELL.

No. 6035.   Opinion Filed March 7, 1916.

(155 Pac. 1146.)

1. **PLEADING—Amendment—Time for Amendment.** Before or after judgment amendments may be allowed by inserting allegations material to the case when such amendments do not change substantially the plaintiff's claim.

2. **SAME—Discretion of Court.** Amendments are favored under our procedure, and in the furtherance of justice amendments generally should be allowed. However, the granting or refusing of permission to amend rests largely within the discretion of the trial court.

3. **APPEAL AND ERROR—Continuance—Discretion of Court—Review.** The granting or refusing of continuances rests largely within the discretion of the trial judge, and before this court will disturb the ruling of the trial court thereon it must affirmatively appear that he abused his discretion.

(Syllabus by Mathews, C.)

*Error from County Court, Tulsa County;*
*Conn Linn, Judge.*

Action by L. S. Coggswell against W. E. Elliott. Judgment for plaintiff, and defendant brings error. Affirmed.

*H. B. Schaeffer* and *Jno. F. Kerrigan,* for plaintiff in error.

*Randolph, Haver & Shirk,* for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. This was an action upon a promissory note against defendant, Elliott, as indorser, commenced in the justice court. Judgment was for the plaintiff, and defendant appealed to the county court, and judgment was there also rendered for plaintiff, and now defendant prosecutes his appeal to this court.

In his bill of particulars the plaintiff alleged that before maturity, for a valuable consideration, the defendant assigned, indorsed, and delivered the note sued on to him, and that at maturity he presented the note to the maker and demanded payment; that the same was not paid, and notice of nonpayment was then given the defendant indorser. During the progress of the trial the court permitted the plaintiff, over the objection of defendant, to amend his bill of particulars by adding thereto that the defendant had promised and agreed many times to pay the note sued on, and the allowing of this amendment is the first assignment of error presented here.

The permitting of the amendment was not error. Section 4790, Rev. Laws 1910, provides that before or after judgment amendments may be allowed by inserting allegations material to the case when such amendments do not change substantially the plaintiff's claim. The amendment did not change the cause of action, which was a suit upon

a note.  As was said in the case of *Fulsom-Morris Coal & Mining Co. v. Mitchell,* 37 Okla. 575, 132 Pac. 1103:

"The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony."

Our own court has often quoted with approval from volume 1, Ency. P. & P. p. 564, which reads as follows:

"As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action.  The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony." *Shipley v. City of Lawton,* 51 Okla. 575, 152 Pac. 119; *Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651; *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *City of Shawnee v. Slankard,* 29 Okla. 133, 116 Pac. 803; *West & Russell v. Rawden et ux.,* 33 Okla. 399, 130 Pac. 1160; *Penn v. Penn,* 37 Okla. 650, 133 Pac. 207.

It will be noted that amendments are favored under our procedure, and in the furtherance of justice amendments generally should be allowed.  However, the granting or refusing of permission to amend rests largely within the discretion of the trial court.  An examination of the authorities will disclose the fact that in practically every instance this court has sustained the trial court in its rulings upon this point.

The defendant next insists that the court, after permitting the plaintiff to amend, should have granted defendant a continuance or postponement in order to prepare to meet this phase of the case.  Section 4793, Rev.

Laws 1910, also leaves this matter largely within the discretion of the trial judge, and before this court will disturb the ruling of the trial court thereon it must affirmatively appear that he abused his discretion. The defendant fails to show wherein the ruling of the trial court prejudiced him in any way. It is true he asked for a postponement of the trial so that he might obtain witnesses to controvert the testimony of plaintiff on that point, but at no time, by affidavit or otherwise, has he made any attempt to disclose to the court that such witnesses were in existence.

Defendant has presented other assignments of error in his brief, but we do not see the necessity of discussing the case at length, as none of the rulings complained of, even though the court may have committed error therein, have prejudicially affected the defendant's rights. However, we have examined every point raised, and find no material error in the entire case.

The defendant has offered no defense to plaintiff's suit, and seeks to avoid a just obligation by resorting to technicalities which are without merit. The evidence discloses that the plaintiff purchased the note in controversy from the defendant as a favor to the defendant; that the defendant was aware of the fact at all times after the maturity of the note that the maker had failed to pay it. The plaintiff testified that he informed defendant late in the evening of the day the note matured that it had not been paid by the maker, and it was frequently discussed afterwards between them, and they had counseled together in an endeavor to devise some means to collect it from the maker. The plaintiff further gave uncontradicted testimony that within two or three days after the maturity of the note he wrote defendant a letter through the regu-

lar mail informing him that the note had not been paid, and that plaintiff would have to look to him for payment. While defendant testified that he did not receive the letter, yet the mailing of the notice, although not received by him, fixed his liability. See section 4155, Rev. Laws 1910.

There is but little involved in this controversy. The defendant was accorded a trial in two courts, and in each instance the decision was against him. He failed to present a defense in the trial court, and this court should not have been encumbered with this appeal.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.