## PRIEST v. QUINTON.

No. 8478—Opinion Filed March 5, 1918.

Rehearing Denied April 16, 1918.

(171 Pac. 1113.)

(Syllabus.)

**1. Appeal and Error — Continuance — Discretion of Trial Court.**

The granting or refusing of a continuance rests within the sound discretion of the trial court, and unless it is made to appear that such discretion has been abused, the refusal of a continuance does not constitute reversible error.

**2. Appeal and Error — Variance — Waiver —Review.**

Where the defense to an action on a promissory note is that the defendant made payment to a person as agent of the plaintiff, and where the defendant introduced evi-

dence for the purpose of proving such agency, and the case is tried as though the agency was in issue, the defendant will not be permitted to urge for the first time in this court that the agency was admitted by the pleadings, but the point will be considered as waived.

Error from the District Court, Sequoyah County; John H. Pitchford, Judge.

Action by Lucy Quinton against John F. Priest. Defendant's motion for continuance. denied, and verdict instructed for plaintiff, and defendant brings error. Affirmed.

McCombs & McCombs, for plaintiff in error.

T. F. Shackelford, for defendant in error.

RAINEY, J. The parties to this action will be designated as they appeared in the district court. The action was commenced in a justice of the peace court of Sequoyah county, by Lucy Quinton, to recover a judgment against the defendant, John F. Priest, upon a promissory note in the sum of $100. Answering the plaintiff's bill of particulars, the defendant admitted the execution of the note, and as a defense thereto attempted to plead payment by the following allegations:

"Further answering, defendant states the facts to be: That Dave Quinton, the husband of this plaintiff, came to him and they entered into a series of transactions, in which this defendant paid Dave Quinton, as the agent of the plaintiff Lucy Quinton, the following sums, to be credited and applied on these notes, to wit: One horse, value $125; note on Geo. Faulkner, value $167.50; cash. value $135; hay, value $98; saddle. value $20; cash. value $51; corn. value $20 —total, $618. That Dave Quinton, acting as such agent, agreed and promised to pay this indebtedness out of the above-stated payments, and also promised to bring the notes in question to town, mark them paid, and turn them back to this defendant."

To this answer plaintiff filed a reply, denying that Dave Quinton was her agent. or that the defendant had paid the said Dave Quinton "any money, or delivered to him any horse, saddle. note on George Faulkner, hay, or corn or anything else to be applied in payment of his said note to this plaintiff." On the same day the instant action was filed. the plaintiff filed in the same court another action against the defendant, John F. Priest, wherein she sought to recover on a note in the sum of $200. As stated in the briefs and as appears from the record, the defense in that action was the same as in this action. The plaintiff recovered judgment in both actions in the justice of the peace court, and the cases were ap-

pealed to the district court of Sequoyah county. There the case involving the $200 note was first called for trial, and the defendant secured a continuance of that cause on account of the absence of one George Faulkner, by whom it was alleged in his motion for continuance defendant expected to prove that George Faulkner had executed his note to the defendant, John F. Priest, in the sum of $155, and that he (the defendant) had transferred said note to Dave Quinton, as agent of Lucy Quinton, in part payment of the indebtedness sued on, and that later the said George Faulkner paid in full to Dave Quinton the amount due on the $155 note, and that by reason thereof defendant Priest should have credit for said amount and interest. The case involving the $200 note, and in which the continuance was granted, was No. 1683 in the district court, and the instant action was No. 1684. When the case at bar was called for trial counsel for defendant, in open court, made this statement, "Now we make the same motion for a continuance as we did in 1683," and immediately filed a copy of the motion for continuance already filed in case No. 1683. The court overruled the motion, on the ground that defendant had pleaded the $155 payment as a credit in cause No. 1683; that the continuance had been granted in that case, in order that the defendant might have the benefit of the absent witness' testimony; and that defendant was not entitled to the credit in both actions. We do not believe that this was an abuse of discretion on the part of the court, but in addition thereto we have examined the motion for continuance and are of the opinion that the motion does not comply with the provisions of section 5045, Rev. Laws of Oklahoma of 1910, in that it fails to give the place of residence of the said George Faulkner, or the probability of procuring his testimony within a reasonable time. For aught that appears from the motion for the continuance, the witness Faulkner may have been a resident of another county than the one in which the action was pending, in which event it would have been the duty of the defendant to have taken his deposition.

The motion for continuance also alleged that one Tom Teague was a material witness in said cause, but it was further disclosed therein that the said witness was a nonresident of Oklahoma, residing in Ft. Smith, Ark., although it was alleged that said witness had agreed to be present at the trial. Of course, defendant relied upon his promise at his peril, and this would not be a sufficient ground for a continuance.

This court has often held that the granting or refusing of a continuance rests within the sound discretion of the trial court, and that unless it is made to appear that such discretion has been abused, the refusal of a continuance does not constitute reversible error. Kennedy v. Pulliam, 60 Okla. 16, 158 Pac. 1140; Schafer et al. v. Lee, 64 Okla. 100, 166 Pac. 94; Daugherty et al. v. Feland, 59 Okla. 122, 157 Pac. 1144; Jones v. Thompson et al., 54 Okla. 24, 154 Pac. 1139; Elliott v. Coggswell, 56 Okla. 239, 155 Pac. 1146; Comanche Merc. Co. v. Waymire, 55 Okla. 318, 155 Pac. 542; N. S. Sherman Machine & Iron Works v. R. D. Cole Mfg. Co., 51 Okla. 353, 151 Pac. 1181; Walton v. Kennamer, 39 Okla. 629, 136 Pac. 584.

After the motion for continuance was overruled trial was had to a jury, at the conclusion of which the court instructed a verdict for the plaintiff. The execution of the note being admitted, the defendant attempted to prove payment made by him to Dave Quinton, and that Dave Quinton was the agent of the plaintiff, Lucy Quinton. The trial court was of the opinion that the evidence was insufficient to prove the agency alleged and attempted to be established. We have examined the evidence, and are of the opinion that the trial court did not err in holding the evidence insufficient to prove the agency, for the reason that there is not any evidence tending to prove that Lucy Quinton ever authorized Dave Quinton to act for her in any transaction with the defendant.

But it is contended that it was unnecessary to prove the agency in this case, for the reason that it was admitted in the pleadings. The plaintiff filed an unverified reply denying the agency alleged in the defendant's answer. Assuming, without deciding, that the allegations in defendant's answer are sufficient to plead that Dave Quinton was the agent of Lucy Quinton, we do not think the defendant is in a position to raise the question here for the reason that he voluntarily assumed the burden of proof under the issues. Immediately upon impaneling the jury, counsel for defendant, in open court, said:

"I believe under the pleadings the burden would be on the defendant. He pleads payment. We admit the execution of the note and plead payment, and the burden as I take it shifts to us.

"The Court: Well, you are probably correct."

The defendant proceeded to try the case upon the theory that the burden of proving agency and payment was upon him, and offered evidence in support thereof, and we do not think he should be permitted to urge in this court for the first time that the agency was admitted by the pleadings. The cases of Kaufman v. Boismier et al., 25 Okla. 252, 105 Pac. 326, Hoopes v. Buford & George Implement Co., 45 Kan. 549, 26 Pac. 34, Warner v. Warner, 11 Kan. 121. and Johnson v. J. J. Douglass Co., 8 Okla. 594, 58 Pac. 743, seem to be in point. In the last-named case it was held that although the allegation of the existence of a partnership, made in the pleadings of a case, was admitted, unless the same was denied under oath by the opposite party, his agent or attorney, where the parties proceeded to trial and without objection evidence was introduced by the plaintiff tending to prove the partnership, and contrary evidence by the defendant, and the case was tried as though the partnership was in issue, the Supreme Court would treat the point as waived.

Finding no error in the record, the judgment of the trial court is affirmed.

All the Justices concur.