### MAXIA et al. v. OKLAHOMA PORTLAND CEMENT CO.

No. 9252—Opinion Filed Dec. 10, 1918.

(176 Pac. 907.)

**1. Parties—Party in Interest—Denial by Answer—Evidence.**

Every action must be prosecuted in the name of the real party in interest. The question as to whether a party in whose name an action is prosecuted is the real party in interest may be raised by answer when such defect does not appear on the face of the pleadings, and when the question is thus raised by answer, it is not error to admit competent evidence to establish such allegation.

**2. Master and Servant—Guard for Machinery—Issue—Question for Jury.**

In an action for damages alleged to have been received as a direct and proximate result of the failure of the master to properly safeguard machinery as required by section 3746, Rev. Laws 1910, when such failure is specifically denied, the question as to whether or not such requirement has been met by the master presents a question

of fact to be submitted to a jury under proper instructions.

### 3. Same—Defenses—Assumption of Risk—Contributory Negligence.

If said machinery has in fact been properly safeguarded as required by section 3746, Rev. Laws 1910, then assumption of risk and contributory negligence are available defenses which may be interposed by the master in an action against him by a servant to recover damages.

### 4. Appeal and Error—Assignment of Error—Brief—Evidence.

If an aggrieved party desires to have the action of the trial court reviewed in the admission or rejection of evidence, the particular evidence admitted or rejected must be set out in his brief before an assignment of error predicated upon the action of the trial court will be considered on appeal.

### 5. Instructions.

The instructions given and refused in the instant case examined, and held that the instructions given constitute a correct statement of the law applicable to the facts, and that there was no error in refusing the special instructions offered by plaintiff.

(Syllabus by Davis, C.)

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Catarino Maxia and another, minors, by their next friend, Louis Lopez, against the Oklahoma Portland Cement Company. Verdict and judgment for defendant, motion for new trial overruled, and plaintiffs bring error. Affirmed.

C. F. Green and H. H. Smith, for plaintiffs in error.

Robt. Wimbish and W. C. Duncan, for defendant in error.

Opinion by DAVIS, C. This action was begun in the district court of Pontotoc County, Okla., by Catarino Maxia and Megual Maxia, minors, by their next friend, Louis Lopez, as plaintiffs, against the Oklahoma Portland Cement Company, a corporation, to recover damages alleged to be due plaintiffs by reason of the wrongful death of their father, who was employed as a common laborer by the defendant. The particular negligence alleged which resulted in the death of Francisco Maxia was the failure on the part of the defendant to keep covered a conveyor which extended across one of the floors of defendant, and in which the deceased was caught and received injuries from which he died.

There was an answer filed by defendant alleging assumption of risk, contributory negligence, and a denial that the plaintiffs

herein were the children of Francisco Maxia, or that the deceased had any children at the time of his death.

A reply was filed to this answer, and on the issues thus formed a trial was had which resulted in a verdict for defendant. A motion for a new trial was filed and overruled. From the action of the court in overruling this motion an appeal has been prosecuted to this court by petition in error.

Under the first assignment of error are presented three propositions. It is first urged that the court committed error in permitting the defendant to introduce evidence which tended to show that the plaintiffs in this action were not the children of deceased, or, in other words, it is here seriously urged that, although the plaintiffs are not the children of deceased, such fact does not constitute a defense to this cause of action, and that the defendant should not have been permitted to introduce any evidence whatever on this issue; that this question should have been raised by a plea in abatement. A plea in abatement is not permissible in this jurisdiction, and, although a pleading may be denominated such, it must be treated either as a demurrer or answer. The question as to whether or not the plaintiffs herein were the children of the deceased, could not have been raised by a demurrer, for the reason that there is nothing appearing on the face of the petition upon which a demurrer could be based. Hence this question was properly raised by answer, and there was no error in permitting evidence to be admitted on this proposition. It was not a question as to whether or not the plaintiffs had any legal capacity to sue, but whether or not they had any interest in the subject-matter of the action. Certainly, if the plaintiffs were not the children of deceased or otherwise related to him in such a manner as entitled them to maintain this action, they were not interested parties. Whatever damages may have resulted from the death of deceased could be recovered only by some one who had sustained damages by reason thereof. If the plaintiffs herein were in fact strangers to deceased, in the purview of the law, they sustained no injury by reason of his wrongful death for which they were entitled to maintain this action.

Section 4681, Rev. Laws 1910, provides that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in said article. There is a marked distinction between capacity to sue and the interest that a party

has which entitles him to maintain an action. Want of capacity to maintain an action relates to some legal disability, and does not include the objection that the party is not prosecuted by the real party in interest. Logan v. Oklahoma Mill Co., 14 Okla. 402, 79 Pac. 193; Boyce v. Augusta Camp. M. W. A., 14 Okla. 642, 78 Pac. 322; Bailey v. Perry Mfg. Co., 59 Okla. 152, 158 Pac. 581.

Under the pleading in this case, the burden of proving that plaintiffs herein were the children of Francisco Maxia was on plaintiffs, and any evidence which tended to establish that they were not his children was properly admitted. There was no error of the court in admitting evidence on this proposition.

It is next urged that the trial court committed error in permitting the introduction of certain evidence for the purpose of showing assumption of risk and contributory negligence. It is urged that under the decisions of this court the defense of assumption of risk is not a defense in an action based upon the negligence of a defendant to properly guard machinery, as provided under section 3756, Rev. Laws 1910. It is true that the assumption of risk is not available as a defense when the machinery has not in fact been properly guarded as required by the foregoing section. Jones v. Okla. Planing Mill & Mfg. Co., 47 Okla. 477, 147 Pac. 999.

But one of the defenses interposed in this action was that the conveyor in question had been properly safeguarded. If the conveyor in question was properly safeguarded as required by law, then the question of assumption of risk might be interposed as a defense. How was it to be determined whether or not said machinery was properly safeguarded as required by law? This question was settled in the case of Jones v. Okla. Planing Mill & Mfg. Co., supra, wherein it was expressly held that it is proper to submit to the jury the question as to whether or not machinery has been safeguarded as required by law. If the jury find that it has been so safeguarded, then assumption of risk and contributory negligence are proper and available defenses when pleaded. There was therefore no error of the court in the admission of this testimony.

It is next urged that the court committed error in admitting certain evidence that tended to prove a custom on the part of the employes of defendant in traveling to and from a clutch which deceased was operating at the time he was injured. There is not one line of this evidence set out in the brief by counsel for plaintiffs under this assignment of error. This court is unable to ascertain what particular testimony is objected to. It has been repeatedly decided by this court that, if an aggrieved party desires to have the action of the lower court reviewed in the admission or rejection of evidence, the evidence complained of must be set out in the brief. How can this court find out what evidence is complained of that is incorporated in a voluminous record consisting of hundreds of pages unless it is pointed out? For the reason that no evidence is set out under this assignment of error, we decline to consider it. New Vinita Hardware Co. v. Porter, 45 Okla. 470, 146 Pac. 14; Meadows v. McGuire et al., 34 Okla. 728, 126 Pac. 1023.

The next assignment of error has reference to the giving and refusing of instructions. Without setting out the instruction in totidem verbis suffice it to say that we have examined all of the instructions given and all offered and refused, and are led to the conclusion that the instructions given by the court are not subject to criticism, but are a correct statement of the law applicable to the evidence adduced at the trial.

This disposes of all the questions necessary to a consideration of this case. The only issues presented were issues of fact. These issues were submitted to a jury under proper instructions. The jury decided adversely to the contention of plaintiffs.

The record fails to disclose any error committed by the trial court. The evidence adduced by defendant tended to prove that the plaintiffs herein were not the children of deceased, but that they were brought forward by Louis Lopez for the purpose of securing a judgment against defendants. All of the evidence and circumstances show that Louis Lopez was the moving spirit in this cause, and that there is ample evidence to warrant the jury in reaching the conclusion that the plaintiffs were not the real parties in interest and were not entitled to maintain this action.

We are therefore of the opinion that the judgment should be in all things affirmed.

By the Court: It is so ordered.