## WIKER v. RITTER.

No. 10115—Opinion Filed Jan. 22, 1924.

**Appeal and Error—Review—Sufficiency of Instructions as a Whole.**

Instructions must be considered together as parts of a whole. When so considered, if the law applicable to the facts proven is correctly stated, even though some isolated paragraph be verbally inaccurate, such instructions should be sustained if it is fairly deducible from the entire charge that the theories of both plaintiff and defendant were submitted to the jury without confusion and without misleading distinctions.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from Disrtict Court, Kay County; W. M. Bowles, Judge.

Action by A. T. Ritter against J. W. Wiker for damages for false imprisonment and malicious prosecution. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was commenced in the district court of Kay county, June 27, 1917, by the plaintiff, A. T. Ritter, filing in said court his petition against the defendant, J. W. Wiker, in which petition it was alleged, in substance, that defendant is the owner and keeper of what is known as the Arcade Hotel at Ponca City, Okla., and that on April 9, 1917, plaintiff became a guest of said hotel and so continued until May 19, 1917; that during this period of time plaintiff was engaged as an expert accountant doing work at Ponca City; that during the period of time while plaintiff was a guest at defen-

dant's hotel he lost certain clothing and wearing apparel from his room in said hotel and that when settling his account preparatory to leaving on May 19, 1917, he sought to have defendant deduct from the amount of his bill the value of the clothing and wearing apparel so lost by plaintiff, but the defendant refused to pay for same, and that thereupon plaintiff tendered to and left with the clerk of said hotel his check for the amount of his bill less the value of the articles so lost by him, and left said hotel for the purpose of catching his train to his next place of employment; that while at the station awaiting the arrival of his train, defendant, Wiker, caused the arrest of this plaintiff and caused him to be incarcerated in the common jail of Ponca City upon the false and malicious charge that he was guilty of beating his board bill, and that after plaintiff was released from such confinement by the making of a bond said charges against him were dismissed and his bond exonerated; that by reason of the wrongful and malicious prosecution and false imprisonment of this plaintiff by defendant, plaintiff was publicly disgraced and humiliated and suffered loss of time and the expenditure of large sums of money, to his damage in the sum of $10,000.

Defendant answered, admitting that he was the owner and keeper of the Arcade Hotel, and denied generally and specifically all of the other allegations contained in plaintiff's petition.

Trial was had November 21, 1917, which resulted in a verdict in favor of the plaintiff for the sum of $500. After unsuccessful motion for a new trial the case was lodged in this court for review by petition in error with case-made attached. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

James Q. Louthan, for plaintiff in error.

G. A. Chappell, for defendant in error.

Opinion by LOGSDON, C. Only one assignment of error is presented and argued by defendant in his brief and this relates to the alleged error of the trial court in the giving of instruction No. 7. This instruction reads as follows:

"You are further instructed, gentlemen of the jury, that the plaintiff in this case claims that while he was a guest in the hotel of the defendant, he kept for his convenience as wearing apparel certain clothing and the clothing was left in his room which had been assigned to him, and that

said clothing was purloined or stolen from the room, and you believe from the evidence that the plaintiff did not contribute to the loss of purloining of said clothing on account of his own contributory negligence by permitting his own particular guests or friends to enter said room and take therefrom certain articles, or if you believe that the guests and friends of the plaintiff were the parties that took said wearing apparel, if you find that the same was stolen or taken from the possession of the hotel and the plaintiff in this case, the defendant in this case was liable for the reasonable and fair market value of the wearing apparel of the plaintiff so taken or purloined."

The statute applicable to this case is section 5210, Comp. Stat. 1921 (Rev. Laws 1910, sec. 1113). This statute reads as follows:

"An innkeeper or keeper of a boarding house is liable for all losses of, or injuries to, personal property placed by his guests or boarders under his care, unless occasioned by an irresistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of someone whom he brought into the inn or boarding house; and upon such property the innkeeper or keeper of a boarding house has a lien and a right of detention for the payment of such amount as may be due him for lodging, fare, boarding, or other necessaries by such guest or boarder; and the said lien may be enforced by a sale of the property in the manner prescribed for the sale of pledged property."

Defendant's criticism of instruction No. 7 is that it did not sufficiently submit to the jury the queston of plaintiff's negligence in the loss of his wearing apparel. At page 10 of his brief, defendant says:

"It can hardly be disputed or denied that so long as plaintiff kept his room as a guest in the defendant's hotel he was entitled to protection as such for himself and his personal belongings, but when he deliberately changed the character of that room by himself becoming the host and taking others there and entertaining them without the knowledge or consent of the defendant, he placed himself without the protection to which he was entitled as a transient temporarily housed at the defendant's inn. In so doing the plaintiff assumed whatever incident dangers there might be, and the defendant was relieved of his former liability as an innkeeper."

Instructions by the court must be considered as a whole, each paragraph being considered in connection with and in relation to the other paragraphs. If from such a consideration of the instructions it can be said that the instructions as a whole fairly and without misleading confusion correctly state the law by which the jury should be guided in its deliberations, such instructions are sufficient even though an isolated paragraph or part of an instruction might be subject to criticism. Great Western Mfg. Co. v. Davidson Mill & Elevator Co., 26 Okla. 626, 110 Pac. 1096; First National Bank of Tishomingo v. Ingle, 37 Okla. 276, 132 Pac. 895; Curtis & Gartside Co. v. Pigg, 39 Okla. 31, 134 Pac. 1125; M., O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142; Weller v. Dusky, 51 Okla. 77, 151 Pac. 606. Paragraph 7, above quoted, should be considered in connection with paragraph 10, which reads as follows:

"You are further instructed, gentlemen of the jury, that if you believe from the evidence in this case that the plaintiff in this case suffered no loss of his clothing and his claims therefor were a subterfuge, and were made for the purpose of defrauding the hotel and securing a fraudulent reduction of his board bill, or you believe from the evidence that the loss of his wearing apparel was the result of his own negligence, as heretofore instructed, then your verdict should be for the defendant and against the plaintiff."

It was practically admitted upon the trial that the plaintiff lost the clothing which he claimed to have lost, and the principal effort of the defendant was directed to minimizing its value and to establishing the fact that guests of the plaintiff in his room, who were also guests of the hotel, were responsible for the loss. These contentions on the part of defendant presented issues of fact which were properly left to the jury for determination, and the law applicable to these issues was fairly stated to the jury in paragraphs 7 and 10 of the instructions. The authorities relied upon by defendant as showing the insufficiency of paragraph 7 are all taken from other jurisdictions and are not controlling here where we have an express statute fixing the liability of innkeepers, and which law was submitted to the jury in this case by the court's instructions.

Upon a consideration of the whole case, it is concluded that no prejudicial error in the instruction complained of has been pointed out, and since the burden is upon one complaining of instructions to point out clearly wherein such instructions are erroneous and prejudicial, and defendant in this case having failed to sutsain this burden, the judgment of the trial court should be in all things affirmed.

By the Court: It is so ordered.